IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lisa Michelle Ceasar, | Civil Action No. 3:17-cv-2018-CMC-SVH |
| Plaintiff, | |
| vs. | **ORDER** |
| S.C. Department of Health and Environmental Control, | |
| Defendant. | |

This matter is before the court on Plaintiff's *pro se* complaint alleging discrimination by her former employer, South Carolina Department of Health and Environmental Control. ECF No. 1. Plaintiff has filed a motion for leave to proceed *in forma pauperis*. ECF No. 3.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation. On August 1, 2017, the Magistrate Judge issued a Report recommending Plaintiff's motion to proceed *in forma pauperis* be denied, and Plaintiff be given fourteen (14) days to pay the full filing fee. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if she failed to do so. Plaintiff filed timely objections on August 22, 2017. ECF No. 12.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report and therefore adopts and incorporates it as part of this order. Plaintiff states in her objections she is currently unemployed and has bills to pay, she lives in temporary housing and will need means to relocate to permanent housing, and she has no life or medical insurance and must pay for doctor's visits and medication out of pocket. ECF No. 12. Her motion for leave to file *in forma pauperis* notes she worked until mid-July 2017 and has $9,000 in savings, with just over $1350 in expenses per month. ECF No. 3. Plaintiff does not appear to be currently indigent and has ample funds in savings to allow her immediate access to the courts if the filing fee is required. While a litigant does not have to be "absolutely destitute to enjoy the benefits" of *in forma pauperis* status, it does not appear Plaintiff will have to "choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 339 (1948); *Compare Oren v. W. Virginia Dep't of Pub. Safety*, 978 F.2d 1255 (4th Cir. 1992) (reversing district court's denial of motion to proceed *in forma pauperis* when the plaintiff had not worked for five years, had only $103 in his bank account, and

2

his only income was from Social Security), *with Karahalios v. Horry County Council*, No. 4:17-cv-00393, 2017 WL 1223697 (D.S.C. 2017) (district court adopted Report recommending denial of motion to proceed *in forma pauperis* when the plaintiff received $3100 monthly from disability benefits, listed expenses of $2812 per month, and had $960 in savings).

Plaintiff's motion to proceed *in forma pauperis* is denied. Plaintiff shall have fourteen days from the entry of this Order to pay the full filing fee for this matter. If Plaintiff does not pay the full filing fee within the time allowed, or seeks an extension of time in which to do so, this case shall, by additional order of this court, be dismissed without prejudice and without service of process.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 24, 2017