IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lisa Michelle Ceasar, | ) | C/A No.: 3:17-2018-CMC-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| South Carolina Department of Health and Environmental Control, | ) ) ) ) | |
| Defendant. | ) ) | |

Lisa Michelle Ceasar ("Plaintiff"), proceeding pro se, brought this action against her employer, alleging sex discrimination. This matter is before the court on Plaintiff's motion for appointment of counsel [ECF No. 25].

There is no right to appointed counsel in civil cases. While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has not shown that she is indigent, *see* ECF Nos. 9 and 13, or that any exceptional circumstances exist in this case. Rather, she states that she cannot afford counsel and has been unsuccessful in retaining counsel. [ECF No. 25].

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). The court notes that Plaintiff has competently

represented herself thus far. In most employment discrimination cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

IT IS SO ORDERED.

December 4, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge